

**SO ORDERED.**

**SIGNED this 23 day of December, 2020.**

_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

**IN RE:**

| | |
|---|---|
| **ELIZABETH JEANNE KING** | **CASE NO. 20-01377-5-SWH** |
| | **CHAPTER 13** |
| Debtor. | |

_____

| | |
|---|---|
| **ELIZABETH JEANNE KING** | **ADVERSARY PROCEEDING** |
| | **NO. 20-00070-5-SWH** |
| Plaintiff | |
| v. | |
| **CHICAGO TITLE INSURANCE COMPANY** | |
| Defendant. | |

_____

**CHICAGO TITLE INSURANCE COMPANY**

    Counter-Claimant

    v.

**ELIZABETH JEANNE KING**

    Counter-Defendant.

**ORDER DENYING CROSS MOTIONS FOR JUDGMENT ON THE PLEADINGS**

The matters before the court are the Motion for Judgment on the Pleadings filed by Elizabeth Jeanne King ("King" or the "plaintiff") on July 20, 2020, Dkt. 9, and the Motion for Judgment on the Pleadings filed by Chicago Title Insurance Company ("CTIC" or the "defendant") on August 12, 2020, Dkt. 15. CTIC filed a Response Memorandum in Opposition to the Plaintiff's Motion for Judgment on the Pleadings on August 10, 2020, Dkt. 12, and a Memorandum in Support of its Motion for Judgment on the Pleadings on August 12, 2020, Dkt. 16. King filed a Memorandum of Law in Support of the Motion for Judgment on the Pleadings of Elizabeth Jeanne King and in Opposition of CTIC's Motion for Judgment on the Pleadings on August 19, 2020, Dkt. 22. A hearing was held on September 2, 2020 in Wilmington North Carolina. At the conclusion of the hearing, the court took the matter under advisement.

## BACKGROUND

King and Jerry Holmes, Jr. ("Holmes") owned property together located at 8628 Bald Eagle Lane, Wilmington, North Carolina (the "Property") while married as tenants by the entireties. King and Holmes subsequently separated, and Holmes filed a family law complaint against the plaintiff in New Hanover County District Court (the "family law case"). King and Holmes were divorced on June 22, 2013, severing the tenancy by the entirety and converting the ownership of the Property to a tenancy in common. The interest of each party in the Property was yet to be determined, remaining subject to equitable distribution.

After a hearing on February 26, 2015, on March 6, 2015, the family law court entered a written order granting King exclusive use and possession of the Property and finding that the Property could be protected by the filing of a *lis pendens*. King filed a Notice of *Lis Pendens* against the Property on March 3, 2015.

2

On May 14, 2015, CTIC filed a complaint against Holmes in New Hanover County Superior Court. On April 7, 2016, CTIC obtained a default judgment against Holmes (the "Holmes Judgment"). Compl. Ex. C.

On August 2, 2018, King provided a deed of trust to Rice Law PLLC to secure legal fees which stated that the deed of trust secured King's undivided one-half interest in the subject Property but did not purport to secure any portion of Holmes's undivided one-half interest therein.

In September of 2019, pursuant to a writ of execution, CTIC attempted to have a judicial sale of the one-half interest of Holmes in the Property applied toward the balance of the debt owed under the Holmes Judgment. At a hearing in the family law case on September 18, 2019, King made an oral motion for interim distribution to transfer Holmes's interest in the Property to King. On September 24, 2019, King recorded the March 3, 2015 Notice of *Lis Pendens* with the New Hanover Register of Deeds. Answer Ex. E.

On October 1, 2019, an order was entered in the family law case ordering the transfer of Holmes's interest in the Property to King as an interim distribution. Compl. Ex. D. The district court found that it had authority under N.C. Gen. Stat. § 50-20 *et. seq.* to order the transfer of the Property to further effect the prior interim distribution and ordered Holmes to sign a quitclaim deed transferring the Property to King. Compl. Ex. D. The district court also awarded the judgment of CTIC to Holmes as an interim distribution. Compl. Ex. D. On October 2, 2019, Holmes conveyed his interest in the Property to King by quitclaim deed.

King filed a voluntary petition under chapter 13 of the Bankruptcy Code on March 30, 2020. The complaint in this adversary proceeding was filed on May 26, 2020 seeking to determine the validity, priority, or extent of CTIC's interest in the real property arising out of its

3

judgment against Holmes. Dkt. 1. An answer and counterclaim were filed by CTIC on June 19, 2020. Dkt. 5. CTIC seeks a declaratory judgment that the Holmes Judgment remains a lien against the Property and asserts three affirmative defenses: (1) judicial and equitable estoppel, (2) nullity, and (3) waiver. Dkt. 5. King filed an answer to the counterclaim on July 6, 2020. Dkt. 6.

Both King and CTIC filed Motions for Judgment on the Pleadings on July 20, 2020, Dkt. 9, and August 12, 2020, Dkt. 15, respectively. After a hearing on September 2, 2020, the court took the Motions for Judgment on the Pleadings under advisement.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(c), as made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c); Fed. R. Bankr. P. 7012(b). The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that under Rule 12(b)(6). *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (citing *Butler v. United States*, 702 F.3d 749, 751-52 (4th Cir. 2012)). The only difference is that on a Rule 12(c) motion, the court may consider the answer in addition to the complaint. *Veteran Constructors, Inc. v. Beeler Barney & Assocs. Masonry Contrs.*, No. 2:13-CV-64-F, 2014 U.S. Dist. LEXIS 1117256, at *4 (E.D.N.C. Aug. 22, 2014) (citing *Burbach Broad. Co. of Del. V. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002)). In considering a motion for judgment on the pleadings, the court must base its decision solely on information obtained from the pleadings. *Boss Urgent Care, PLLC v. Urgent Care Works, LLC*, No. 7:11-cv-00071-FL, 2012 U.S. Dist. LEXIS 69551, at *10 (E.D.N.C. May 17, 2012) (citing *Med-Trans Corp. v. Benton*, 581 F. Supp. 2d 721, 728 (E.D.N.C. 2008)). In addition, the court

may look to documents attached to the pleadings, documents attached to the motion that are integral to the complaint and authentic, and matters of public record which judicial notice may be taken. *Id.* (citing *McQuade v. Xerox Corp.*, No. 5:10-cv-149-FL, 2011 U.S. Dist. LEXIS 9655, at *3 n.4 (E.D.N.C. Feb. 1, 2011)).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). A complaint must contain sufficient factual matter, that when accepted as trues "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007)). A motion for judgment on the pleadings "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Drager*, 741 F.3d at 474 (quoting *Edwards,* 178 F.3d at 244).

### I. The Rooker-Feldman Doctrine

At the hearing, King argued that due to the family law court's October 1, 2019 order, this court is precluded from reviewing the extent of CTIC's interest in the Property under the Rooker-Feldman doctrine. In its October 1, 2019 order, the family law court made specific findings regarding the validity of King's *lis pendens* and its effectiveness against CTIC's judgment lien. Compl. Ex. D. In relevant part, the district court concluded that "[t]he *lis pendens* filed by [King] on 3 March 2015, in accordance [with] N.C. Gen. Stat. § 50-20(h) and N.C. Gen. Stat. § 1-116 grants the benefit of constructive notice of pending litigation and is effective

5

against subsequent bona fide purchasers or lien creditors whose interest arise subsequent to 3 March 2015." Compl. Ex. D.

The Rooker-Feldman doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Thana v. Bd. Of License Comm'rs for Charles Cnty., Md.*, 827 F.3d 314, 319 (2016) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The Rooker-Feldman doctrine is confined to "cases brought by state-court losers complaining of injuries cause by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under North Carolina law, "[a] final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Johnson v. Johnson,* 701 S.E.2d 722, 724 (N.C. Ct. App. 2010) (quoting *Tridyn Indus., Inc. v. Am. Mut. Ins. Co.,* 251 S.E.2d 443, 445 (N.C. 1979)). Whereas, "[a]n interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id.* "Interim equitable distribution orders are by nature preliminary to entry of a final equitable distribution judgment are thus are interlocutory." *Hunter v. Hunter*, 486 S.E.2d 244, 245 (N.C. Ct. App. 1997) (citing *Veazey v. Durham*, 57 S.E.2d 377 (N.C. 1950)).

For the Rooker-Feldman doctrine to apply, the relevant state court order must be a final judgment. The October 1, 2019 order was an *interim* equitable distribution order, not a final judgment. The family law court is granted authority under N.C. Gen. Stat. § 50-20(i) to enter orders partially distributing marital property. At trial, interim distribution orders "shall be taken into consideration . . . and proper credit given." N.C. Gen. Stat. § 50-20(i). Although the family

6

law court required Holmes to transfer his one-half interest by quitclaim deed to King, it was not a final adjudication of the equitable distribution action. In a final distribution order, the court could require the Property to be re-deeded to Holmes. Thus, because the family law court's October 1, 2019 order was not a final state court judgment, the Rooker-Feldman doctrine does not preclude this court from reviewing the validity of the *lis pendens* or the extent of CTIC's interest in the Property.

### II. Extent of CTIC's Interest in the Property

King asks this court to find that CTIC has no interest in the Property arising out of the Holmes Judgment. Conversely, CTIC requests a declaratory judgment that the Holmes Judgment remains a lien against the Property and that any conveyance of the Property, including but not limited to the quitclaim deed made pursuant to the October 1, 2019 order, is subject to CTIC's lien.

The court must first determine if the *lis pendens* was properly filed. King filed a Notice of *Lis Pendens* with the clerk of the superior court of New Hanover County against the Property on March 3, 2015.[1] Compl. Ex. B. The Holmes Judgment was obtained on April 7, 2016. Compl. Ex. C.

In an equitable distribution action,

> [i]f either party claims that any real property is marital property or divisible property, that party may cause a notice of lis pendens to be recorded pursuant to Article 11 of Chapter 1 of the General Statutes. Any person whose conveyance or encumbrance is recorded or whose interest is obtained by descent, prior to the filing of the lis pendens, shall take the real property free of any claim resulting from the equitable distribution proceeding.

---

[1] King later recorded the March 3, 2015 Notice of *Lis Pendens* with the New Hanover Register of Deeds September 24, 2019. Answer Ex. E.

7

N.C. Gen. Stat. § 50-20(h). Under Article 11 of Chapter 1 of the General Statutes, "[a]ny person desiring the benefit of constructive notice pending litigation must file a separate, independent notice thereof." N.C. Gen. Stat. § 1-116(a). The notice of *lis pendens* must "be filed with the clerk of the superior court of each county in which any part of the real estate is located, not excepting the county in which the action is pending, in order to be effective against bona fide purchasers or lien creditors with respect to the real property located in such county." N.C. Gen. Stat. § 1-116(d). The court finds that King's Notice of *Lis Pendens* was properly filed in accordance with N.C. Gen. Stat. §§ 50-20(h) and 1-116 and preceded the Holmes Judgment.

CTIC's lien on the Property is thus subject to the outcome of the equitable distribution action. "The sole object *lis pendens* is to keep the subject in controversy within the power of the court until final decree and to make it possible for courts to execute their judgments." *Mass. Bonding & Ins. Co. v. Knox*, 220 N.C. 725, 727 (N.C. 1942). A *lis pendens* "operates in the nature of a recorded lien of which all must take notice." *Id.* at 727. A subsequent incumbrancer is "bound by all proceedings taken after the cross-indexing of the notice to the same extent as if he were made a party to the action." N.C. Gen. Stat. § 1-118.

Although Holmes has no present interest in the Property, Holmes could obtain an interest in the Property upon a final equitable distribution order by the family law court. Declaratory judgment in favor of either party regarding the status of the lien is premature. The cross motions for judgment on the pleadings do, however, narrow and focus the issues. This court has found that the *lis pendens* was properly filed prior to the recordation of CTIC's judgment. Therefore, if this court were to ultimately find that the affirmative defenses asserted by CTIC fail, and if the final equitable distribution order grants King an interest in the Property, she will own the Property free and clear of the Holmes Judgment. If, on the other hand, the state court finds that

8

the final equitable distribution order will include a distribution of all or part of the Property to Holmes, the Property interest then held by Holmes will be subject to CTIC's judgment lien. This court and the parties must await the final equitable distribution order of the state court before a judgment on the pleadings for either party can be entertained.

**THEREFORE, IT IS ORDERED** that Motion for Judgment on the Pleadings filed by King and the Motion for Judgment on the Pleadings filed by CTIC are both **DENIED**.

**END OF DOCUMENT**